[L. A. No. 15859. In Bank.—July 28, 1938.]

EVERETT L. BALZER, Appellant, v. DONALD L. CALER, Respondent.

Hanna & Morton for Appellant.

E. R. Hoerchner, Landels, Weigel & Crocker and Stanley A. Weigel, as *Amici Curiae,* on Behalf of Appellant.

Otto A. Gerth for Respondent.

Pierson & Block, McNamara & Seymour, Chase, Barnes & Chase, Ray C. Eberhard, and Orrick, Dahlquist, Neff & Herrington, as *Amici Curiae,* on Behalf of Respondent.

WASTE, C. J.—A hearing was granted in this cause in order to consider the constitutionality of the Unfair Practices Act as amended in 1935. (Stats. of 1935, chap. 477, p. 1546; Deering's Codes, Laws and Constitutional Amendments, 1935 Supp., Act 8781.) Upon further deliberation, for reasons hereafter appearing, · it is our opinion that the constitutionality of the statute is not involved in this proceeding.

This cause is a companion case to *Wholesale Tobacco Dealers Bureau* v. *National Candy & Tobacco Co.,* L. A. 15836, this day decided (*ante,* p. 634 [82 Pac. (2d) 3]). The appeal is by the plaintiff from a judgment refusing to issue an injunction to prohibit the defendant from selling in his grocery stores certain staple articles for less than cost. It is claimed that such sales were in violation of the abovementioned act. The complaint upon which the action was predicated is in four counts. The first count alleges that on specified dates defendant offered and advertised for sale in his stores certain designated articles at less than invoice or replacement ·cost. The third cause of action alleges that defendant on the days specified sold the articles so adver-

tised for less than invoice or replacement cost. In neither of these counts is it alleged that the acts charged were performed for the purpose of injuring competitors and destroying competition.

The second and fourth causes of action allege the same facts as do the first and third causes of action, but add the allegation that these acts were performed "for the purpose of injuring competitors and destroying competition".

Demurrers to each count were overruled. The defendant answered admitting the offers and sales at less than his invoice or replacement cost, but he denied that these acts were performed with the intent to injure competitors or destroy competition, alleging, in this connection, that he offered for sale and sold the goods for less than cost for the sole purposes of meeting the competition of other merchants and of advertising and stimulating his own business.

Upon a trial of the cause, upon admittedly competent evidence, the trial court found that although defendant admittedly sold certain articles below cost these acts were not performed for the purposes of injuring competitors and destroying competition.

This last mentioned finding, based as it is upon substantial competent evidence makes it unnecessary to pass upon the constitutionality of the Unfair Practices Act as applied to the facts of this case.

It was held in the *Wholesale Tobacco Dealers Bureau* v. *National Candy & Tobacco Co.* case, *supra,* that under section 3 of the act sales below cost are only prohibited when engaged in with the intent to injure competitors and to lessen competition. Under this ruling, obviously, the first and third causes of action fail to state a cause of action. As to the second and fourth causes of action the finding of the trial court is supported by the evidence, and cannot be disturbed on appeal.

Appellant contends that inasmuch as the cause involves a request for an injunction that the existing law rather than the law in force at the time of the judgment should be applied. In this connection it is pointed out that in 1937 the act was amended to clearly state that intent to injure competitors and lessen competition is a necessary element of the act prohibited, but that section 5 of the act was also amended to provide that in any action brought

under the act the selling of an article below cost, together with proof of the injurious effect of such act "shall be presumptive evidence of the purpose or intent to injure competitors or destroy competition". (Stats. 1937, chap. 860, p. 2395.) Even if this section were held applicable to the instant case it would nevertheless still have to be held that the only competent admissible evidence introduced on this issue rebutted the presumption.

For the foregoing reasons the judgment appealed from is affirmed.

Curtis, J., Langdon, J., Seawell, J., Houser, J., Edmonds, J., and Shenk, J., concurred.