No. 14,532.

MILLER'S GROCETERIA COMPANY *v.* FOOD DISTRIBUTORS
ASSOCIATION.
(109 P. [2d] 637)

Decided January 13, 1941.

113

Messrs. QUIAT & CUMMINGS, for plaintiff in error.

Mr. JAMES E. GRIFFITH, for defendant in error.

*En Banc.*

Mr. JUSTICE FRANCIS E. BOUCK delivered the opinion of the court.

We are asked to review a judgment of the Denver district court restraining an alleged violation of the Unfair Practices Act.[1] The complaint sets forth that the plaintiff in error, Miller's Groceteria Company, which operates and conducts a dozen or more retail food stores in Denver, *for the purpose of injuring competitors and destroying competition* advertized its intent to give away, and for the like purpose did give away, "a loaf of Miller's Hi-Q Milk Bread" to every purchaser in the grocery department at its store located at 34th and York streets, Denver, on three days beginning Thursday, February 2, 1939. The complaint further sets forth similar advertizing of an intent to give away on February 6 and 7, 1939, 500 shopping bags full of groceries, *for the same purpose of injuring competitors and destroying competition.* These allegations are denied in the answer, both categorically and by the affirmative allegations of a further defense wherein it is claimed that the actions of the plaintiff in error were animated by a desire to attract attention to the opening of its new store, and to introduce some of its own bakery products and some of the food products supplied to its stock by manufacturers and wholesalers willing to contribute samples for the

[1] Section 3 of the act, here under consideration, reads as follows:
"It shall be unlawful for any person, partnership, firm, corporation, joint stock company, or other association engaged in business within this State to * * * give, offer to give or advertise the intent to give away any article or product, or service or output of a service trade for the purpose of injuring competitors and destroying competition * * *." S. L. 1937, p. 1282, c. 261, §3.

proposed shopping bags in order to acquaint the recipients with the merchandise mentioned.

The trial court granted a motion for judgment on the pleadings interposed by plaintiff and issued a permanent writ of injunction restraining defendant from continuing the practices of which complaint was made.

A reading of the Unfair Practices Act discloses that acts charged to be in violation thereof are such only if it is alleged and proved that they are performed for the purpose of injuring competitors or destroying competition. This purpose or intention is manifestly intended by the state legislature to be a vital element of the violation. Inasmuch as the plaintiff in error unequivocally denied the existence of that element, there was an issue of fact tendered which could not be disposed of by a motion for judgment on the pleadings. This issue of fact is reasonably within the issues framed by the pleadings and cannot be summarily brushed aside without a trial thereof. The method used by the plaintiff in error, considered apart from the purpose and intent referred to, is not unlawful.

The judgment of the district court is therefore reversed and the case remanded for further proceedings in harmony with this opinion.

Judgment reversed.

Mr. Chief Justice Hilliard not participating.