No. 16,372.

PERKINS, DIRECTOR OF REVENUE *v.* KING SOOPERS, INC.

(221 P. [2d] 343)

Decided July 29, 1950.

Mr. JOHN W. METZGER, Attorney General, Mr. ALLEN MOORE, Deputy, Mr. DONALD C. McKINLAY, Assistant, for plaintiff in error.

Messrs. IRELAND & IRELAND, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

THIS controversy involves the 1949 Unfair Practices Act, S.L. '49, chapter 148, chapter 48, sections 302(1) to 302(13) '49 Cum. Supp. '35 C.S.A., the pertinent provisions of which are as follows:

"Section 3. It shall be unlawful for any person, partnership, firm, corporation, joint stock company, or other association engaged in business within this State, to sell, offer for sale or advertise for sale any article or product, or service or output of a service trade for less than the cost thereof to such vendor, or give, offer to give or

advertise the intent to give away any article or product, or service or output of a service trade for the purpose of injuring competitors and destroying competition and he or it shall also be guilty of a misdemeanor, and on conviction thereof shall be subject to the penalties set out in Section 14 of this Act for any such act."

Section 6, which provides, inter alia, that the above quoted section shall not apply to any sale made, "(d) In an endeavor made in good faith to meet the legal prices of a competitor as herein defined selling the same article or product, or service or output of a service trade, in the same locality or trade area."

"Section 13. It shall, for purposes of obtaining an injunction or restraining order, constitute a sufficient prima facie showing a violation of the terms and provisions of this Act, to show that the defendant or defendants have sold goods at retail at a price or prices equal to or lower than the wholesale price of such goods, being the price or prices of such goods, wares and merchandise at wholesale to jobbers, and supply houses or other persons on the jobbers' lists; and the defendant or defendants shall upon such showing, be enjoined from selling any such goods, wares, and merchandise below such wholesale cost thereof to persons on the jobbers lists, *unless they shall make it specifically appear that they have themselves purchased such goods, wares, and merchandise below cost to the wholesaler or below prices to persons on the jobbers lists, or unless they shall make it appear that they are in good faith meeting the legal price or prices of a competitor or competitors."* (Italics supplied.)

"Section 16. The General Assembly declares that the purpose of this Act is to safeguard the public against the creation or perpetuation of monopolies and to foster and encourage competition, by prohibiting unfair and discriminatory practices by which fair and honest competition is destroyed or prevented. This Act shall be literally

[liberally] construed that its beneficial purposes may be subserved."

The director of revenue is charged with the responsibility of enforcement under the Act. In his complaint in this action he alleged that the defendant in error had advertised, offered for sale, and sold items of merchandise at prices below the cost thereof, for the purpose of injuring competitors and destroying competition. The prayer was for relief by injunction, and a temporary injunction was ordered. Defendant in error filed its answer denying generally the allegations of the complaint. Upon trial the issues were found in favor of defendant in error and the director of revenue brings the cause here by writ of error, seeking reversal.

Except upon the question of intent to injure competitors and destroy competition, the evidence before the trial court was not in dispute. Defendant in error admitted advertising, offering and selling the merchandise below cost as alleged in the complaint. It denied any intent or purpose to injure competitors or destroy competition. Defendant in error did not attempt to justify its conduct by showing that it "purchased such goods, wares, and merchandise below cost to the wholesaler or below prices to persons on the jobbers lists," nor did it attempt to show that it was "in good faith meeting the legal price or prices of a competitor or competitors."

The substance of the points urged by counsel for plaintiff in error as grounds for a reversal is that the admitted sale of the merchandise at a price below cost made a prima facie case upon which a permanent injunction should have issued; that such showing was conclusive upon the question of the intent of defendant in error to injure competitors and destroy competition in the absence of any evidence bringing the case within the two exceptions specifically mentioned in the statute, to wit, that defendant in error obtained the goods at below wholesale cost, or that it was in good faith meeting the legal price or prices of a competitor.

Defendant in error contends, in substance, that the intent of an alleged offender to injure competitors and destroy competition is a separate and essential element, the existence or nonexistence of which raises a question of fact which may be established by any competent evidence. It is further contended that to conclusively presume the unlawful intent to injure competitors and destroy competition from the fact of admitted sales below cost, is to deny due process of law in violation of pertinent provisions of the State and Federal Constitutions.

The Question to be Determined is:

*Where the right to relief by injunction depends upon the existence of acts committed or about to be committed, with a specific intent to injure competitors or destroy competition, can a statute create a presumption that such intent exists if the act prohibited is shown to have been committed, and set up a narrow and exclusive criterion by which the unlawful intent, thus presumed, can be rebutted?*

██ The question is answered in the negative. The statute under consideration does not prohibit all sales at less than cost, but only such sales which are accompanied by the intent on the part of the seller to injure competitors or destroy competition. The existence of this specific intent is just as essential to an asserted violation of the law as the overt act, and may be proved or disproved by any evidence competent for that purpose. Our study of the decided cases leads to the conclusion that a statute attempting to prohibit all sales below cost would be unconstitutional, and to avoid this result only such sales may be prohibited which are intended to injure the public in a manner warranting the exercise of the police power. *Englebrecht v. Day,* 201 Okla. 585, 208 P. (2d) 538, and cases there cited.

It is clear from the language of the statute that there must be a union or joint operation of act and intention before a violation of the statute is established. The dif-

ficulty arises in connection with that portion of the Act which provides, in effect, that proof of sales below cost shall be presumptive evidence of the prohibited intent, and that the intent, thus presumed, can be rebutted only in two specific ways. The effect of this is to create a conclusive presumption in all cases, with two exceptions.

In the recent case of *Garcia v. People*, 121 Colo. 130, 213 P. (2d) 387, we said:

"Legislative right to declare that the proof of one fact shall be presumptive or prima facie evidence of another is no longer open to serious dispute in this jurisdiction or elsewhere." (Citing cases)

"It also may be said, in the light of the foregoing authorities, that the power vested in the legislature to create such presumptions is subject to the qualification that there must be some rational connection or reasonable relation between the fact proved and the ultimate fact to be established; *also such power is subject to the further limitation that the presumption cannot be made a conclusive one.*" (Italics supplied).

In 20 American Jurisprudence, page 41, Evidence, section 10, the following appears: "Statutes which declare one fact conclusive evidence of another material fact in controversy are unconstitutional if the former is not, in and of itself, by virtue of its own force, conclusive. This rule, although frequently applied in criminal cases, is not limited to such cases but applies to civil cases as well."

It is most apparent that proof of a sale of merchandise below cost is not "in and of itself, by virtue of its own force, conclusive" in support of the intent of the seller to thereby injure competitors or destroy competition. Such a sale might be made with an intent wholly unrelated to injuring competitors or destroying competition. We said in *Miller's Groceteria Co. v. Food Distributors Ass'n*, 107 Colo. 113, 109 P. (2d) 637, in construing the Unfair Practices Act as it existed prior to the amendments of 1941 and 1949: "A reading of the

Unfair Practices Act discloses that acts charged to be in violation thereof are such only if it is alleged and proved that they are performed for the purpose of injuring competitors or destroying competition. This purpose or intention is manifestly intended by the state legislature to be a vital element of the violation. Inasmuch as the plaintiff in error unequivocally denied the existence of that element, there was an issue of fact tendered which could not be disposed of by a motion for judgment on the pleadings. This issue of fact is reasonably within the issues framed by the pleadings and cannot be summarily brushed aside without a trial thereof. The method used by the plaintiff in error considered apart from the purpose and intent referred to, is not unlawful."

In the Miller case, the defendant by answer denied the intent of injuring competitors and destroying competition, and affirmatively alleged that its intent was to attract attention to the opening of its new store; to introduce some of its bakery products; and to acquaint the recipients of certain gift packages with the merchandise being handled. We held that in this answer facts were alleged which amounted to a complete defense to the complaint.

Plaintiff in error further contends that our opinion in *Dikeou v. Food Distributors Ass'n*, 107 Colo. 38, 108 P. (2d) 529, requires reversal of the judgment in the instant case. One of the contentions there made was that the evidence was insufficient to sustain the finding that the selling below cost was done with intent to injure competitors or destroy competition. Our opinion in that case included the following statement: "It may be presumed in a civil action that the natural and probable consequences of the act were intended by the actor." This quotation is strenuously urged as supporting the interpretation of the statute for which plaintiff in error contends, to wit, that the presumption of unlawful intent can only be rebutted in the two ways set out in the statute. With this contention we cannot agree. By the

portion of the opinion above quoted we did not hold that any presumed intention is conclusive. It further appears from the opinion in that case, "That competitors were injured in their business by the sale of cigarettes at the price fixed by defendants is clearly disclosed by the record." In the opinion we further directed attention to much other evidence in the record, establishing the unlawful intent of defendant, all of which was in addition to, and separate from, the act of selling below cost. No such evidence is present in the case at bar.

In the instant case defendant in error denied any unlawful intent. The trial court did not err in permitting it to prove the actual intent animating the admitted sales below cost by any evidence relevant to that subject, notwithstanding anything in the statute to the contrary. To the extent that the statute might indicate a limitation upon the right of the defendant in error to prove its actual intent, it is unconstitutional as violative of due process of law.

The competency and the sufficiency of the evidence offered by the defendant in error to establish a lawful intent is not questioned. It was sufficient to satisfy the trial court that defendant in error was not shown to have been guilty of having the specific unlawful intent which is essential to the granting of the relief sought.

The judgment is accordingly affirmed.

Mr. Chief Justice Hilliard and Mr. Justice Hays dissent.