[Civ. No. 4288.   Fourth Dist.   Sept. 24, 1952.]

ALLEN ELLIS et al., Appellants, v. CHRIS W. DALLAS et al., Respondents.

Hillyer & Hillyer and William Hillyer for Appellants.

Edmund G. Brown, Attorney General, Frank J. Mackin, Assistant Attorney General and Donald D. Stoker, Deputy Attorney General, as Amici Curiae on behalf of Appellants.

Miller, Higgs, Fletcher & Mack for Respondents.

MUSSELL, J.—Plaintiffs brought this action under the provisions of the Unfair Practices Act (Bus. & Prof. Code, § 17000 et seq.), to restrain defendants from violating certain provisions of the act, and for damages. A preliminary injunction was issued and the case was tried on its merits. Plaintiffs appeal from the judgment which was entered for the defendants.

On or about May 1, 1951, plaintiffs leased premises described as 200 National Avenue in Chula Vista and began remodeling a building thereon in which they commenced business as the "Freeway Ranch Market" on June 15, 1951. Defendants have owned and operated premises nearby known as the "Dee Gee Market," at 225 National Avenue, since February, 1947.

It is alleged in plaintiffs' amended complaint that on or about May 18, 1951, defendants commenced selling various articles or products at less than cost for the purpose of injuring plaintiffs as competitors and destroying the prospective competition of plaintiffs; that defendants have continued said practice and have advertised and sold certain "loss leader" articles or products, consisting of groceries, at less than cost, with the purpose of inducing, promoting or encouraging the purchase of other merchandise; that the effect of such sales was the tendency or capacity to mislead or deceive purchasers or prospective purchasers, and that certain sales had the effect of diverting trade from or otherwise injuring competitors and particularly the plaintiffs.

The trial court found that the defendants have from time to time advertised and sold a few items of stock merchandise at prices less than cost with the purpose of inducing, promoting and encouraging the purchase of other merchandise and for the purpose of increasing the volume of business and profits of the defendants, but not for the purpose of injuring

the plaintiffs or any other persons as competitors or destroying the prospective competition of plaintiffs or any other persons; that the sale of a few items of stock merchandise at prices less than cost did not have the tendency and/or capacity to mislead or deceive purchasers or prospective purchasers; that said sales below cost did not have the effect of diverting trade from and/or otherwise injuring plaintiffs or any other competitors; that the plaintiffs have not been injured by any act and/or practice of the defendants; and that plaintiffs have not been injured or damaged in the sum of $5,000, or any other sum, except the nominal sum of $1.00.

Plaintiffs contend (1) that the evidence does not support the findings of fact; (2) that the findings of fact and conclusions of law are contrary to law; (3) that the findings of fact and conclusions of law are inconsistent; and (4) that the temporary injunction was erroneous.

The evidence establishes without question that the defendants advertised and sold certain grocery articles, to wit: Crisco, Tide and Bisquick, below cost. However, as admitted by appellants, the evidence showing the intent with which these acts were performed is in conflict. Defendants at the time of trial admitted advertising and selling articles below cost, but testified that their purpose in doing these acts was not to injure the plaintiffs or others but to induce the purchase of other merchandise and to increase their volume and profit. The advertisements of which plaintiffs complain commenced May 18, 1951, and continued until July 5th following. These items appeared in the San Diego Union and Evening Tribune.

Plaintiffs started to remodel their building about May 17, 1951, and it is contended that defendants knew at that time that plaintiffs were about to open their market. However, there was evidence that the defendants did not know that plaintiffs were opening their market until the middle of June, 1951.

There was evidence that shortly after January 1st defendants undertook a remodeling of their store, installing self-service and consolidating departments, their purpose being to take care of more customers and to increase their volume of business; that arrangements were made to advertise in the Union and Tribune commencing the first of May and the first advertisement was finished and delivered to the papers on May 15, 1951.

Testimony was introduced showing that at a meeting of

grocers at which low cost staples was being discussed one of the defendants, Chris W. Dallas, made the following statement: ''I will beat you all and you haven't seen anything yet.'' Mr. Dallas testified that he made the statement because he didn't like being told what to do; that ''they wanted me to raise my prices and I wouldn't''; that it had been the practice in the San Diego area, including Chula Vista, prior to and subsequent to May 17, 1951, for stores to advertise and sell limited items of grocery merchandise below the invoice price, for the purpose of attracting trade and thereby increasing their volume of business; that prior and subsequent to May 17, 1951, defendants, in their weekly advertisements in the Chula Vista Star, the Bay Advertiser, the San Diego Union and Evening Tribune, advertised and sold an estimated six to eight items below the invoice cost. The evidence shows that at the time defendants were selling the listed items below cost they sold some items of merchandise at prices higher than the O.P.S. or selling prices. Defendant Chris Dallas admitted this fact but stated that the matter was corrected after it had been called to his attention and that the particular items in questions were among 150 items which for some reason or other had been fluctuating in price on the wholesale level.

The issue of the intent of defendants when selling Crisco, Tide and Bisquick below cost was one of fact for the trial court, as was the issue of whether such sales had a tendency or capacity to mislead or deceive purchasers or prospective purchasers or to divert trade from or otherwise injure competitors. The trial court found that plaintiffs had been damaged in the nominal sum of $1.00 but that they were not injured by any act or practice of the defendants. There was a conflict in the evidence as to the issue of damages. ■ Where, as here, there is substantial evidence to support the trial court's findings on these issues, the findings thereon will not be disturbed on appeal. ■ It is a well settled rule that on appeal an appellate court (1) will view the evidence in the light most favorable to the respondent; (2) will not weigh the evidence; (3) will indulge all intendments and reasonable inferences which favor sustaining the finding of the trier of fact; and (4) will not disturb the finding of the trier of fact if there is substantial evidence in the record in support thereof. (*Berniker* v. *Berniker,* 30 Cal.2d 439, 444 [182 P.2d 557].)

The principal question for our determination is whether the sale of the three listed items of merchandise below cost for the purpose of encouraging the purchase of other merchandise and increasing the volume of business without the intent to injure competitors or to destroy competition presents a factual situation entitling plaintiffs to injunctive relief and damages. We conclude that this question must be answered in the negative.

Section 17030 of the Business and Professions Code defines a ''loss leader'' as any article or product sold at less than cost: (a) Where the purpose is to induce, promote or encourage the purchase of other merchandise; or (b) Where the effect is a tendency or capacity to mislead or deceive purchasers or prospective purchasers; or (c) Where the effect is to divert trade from or otherwise injure competitors. This section, as worded, does not require an intent to injure competitors or destroy competition. However, section 17043 of the same chapter of the code provides as follows:

''Sales at less than cost. It is unlawful for any person engaged in business within this State to sell any article or product at less than the cost thereof to such vendor, or to give away any article or product, for the purpose of injuring competitors or destroying competition.''

The stated purpose of the Unfair Practices Act is to safeguard the public interest against the creation or perpetuation of monopolies and to foster and encourage competition by prohibiting unfair, dishonest, deceptive, destructive, fraudulent and discriminatory practice by which fair and honest competition is destroyed or prevented. (Bus. & Prof. Code, § 17001.) In article 3, entitled ''Offenses Against the Chapter,'' section 17040 provides:

''Locality discriminations: Meeting competitive price. [*Creation of locality discriminations unlawful.*] It is unlawful for any person engaged in the production, manufacture, distribution or sale of any article or product of general use or consumption, with intent to destroy the competition of any regular established dealer in such article or product, or to prevent the competition of any person who in good faith, intends and attempts to become such dealer, to create locality discriminations.

'' [*Meeting competitive price.*] Nothing in this section prohibits the meeting in good faith of a competitive price.''

In sections 17040, 17043 and in section 17045, relating to secret rebates, refunds, commissions or unearned discounts,

an intent to injure competitors or destroy competition is required to establish a violation of the statute. ■ While section 17044 of the act provides that the practice of using any article or product as a "loss leader" is included among the prohibitions of the chapter, we conclude it was the intent of the Legislature to make it unlawful to sell articles below cost for the purpose of injuring competitors or destroying competition and that to be unlawful, "loss leader" sales must be made for that purpose.

A further indication of legislative intent that in all violations of the act there must be a purpose or intent to injure competitors or destroy competition is to be found in section 17071 of the code, which is as follows:

"Proof of intent. In all actions brought under this chapter proof of one or more acts of selling or giving away any article or product below cost or at discriminatory prices, together with proof of the injurious effect of such acts, is presumptive evidence of the purpose or intent to injure competitors or destroy competition."

In *Wholesale T. Dealers Bureau* v. *National Etc. Co.,* 11 Cal.2d 634 [82 P.2d 3, 118 A.L.R. 486], the question presented had to do with the constitutionality of certain sections of the Unfair Practices Act, and amendments of 1935. The act then prohibited sales below cost only when such sales were made "for the purpose of injuring competitors and destroying competition." The act was held to be a constitutional exercise of the state's police power. Section 3 of the act then under discussion provided as follows:

"Sec. 3. *Sales at less than cost.* It shall be unlawful for any person, partnership, firm, corporation, joint stock company, or other association engaged in business within this State, to sell, offer for sale or advertise for sale any article or product, or service or output of a service trade, at less than the cost thereof to such vendor, or give, offer to give or advertise the intent to give away any article or product, or service or output of a service trade for the purpose of injuring competitors and destroying competition, and he or it shall also be guilty of a misdemeanor, and on conviction thereof shall be subject to the penalties set out in section 11 of this act for any such act."

The court there said, at page 658:

"It is next urged by appellant that every sale below cost, except as provided in section 6, is made unlawful by section 3 regardless of intent, and that so construed the act is un-

constitutional. It would certainly add to the weight of appellant's argument on the main issue if the statute omitted intent as an integral part of the act prohibited. It is one thing, from a legal standpoint, to prohibit sales below cost engaged in for the purpose of injuring competitors and destroying competition, and quite another to merely prohibit all such sales regardless of intent. It may well be that an absolute prohibition regardless of intent would be unreasonable. (See *Fairmont Creamery Co.* v. *Minnesota,* 274 U.S. 1 [47 S.Ct. 506, 71 L.Ed. 893, 52 A.L.R. 163].)''

In *People* v. *Pay Less Drug Store,* 25 Cal.2d 108 [153 P.2d 9], an injunction was sought by plaintiff to restrain the defendants from violating certain provisions of the Unfair Practices Act as amended by Statutes of 1937. The complaint charged defendants with selling certain grocery items below cost and ''loss leaders'' with the intention of injuring competitors and destroying competition in violation of the act. It was there held that the violation of the statute was complete when sales below cost were shown to have been made with the requisite intent and not within any of the exceptions. The act then, as now (§ 17071), provided that proof of sales below cost, together with proof of the injurious effect of such sales is presumptive evidence of the purpose or intent to injure competitors or destroy competition. The court said, page 114:

''Proof of injurious effect is permitted to be shown with the proof of sales below cost as presumptive or prima facie evidence that the requisite intent existed. The obvious and only effect of this provision is to require the defendants to go forward with such proof as would bring them within one of the exceptions or which would negative the prima facie showing of wrongful intent. They may present facts showing that they were within the express exceptions regardless of actual intent; or they may introduce evidence of another necessity not expressly included to show that sales were made in good faith and not for the purpose of injuring competitors or destroying competition.

''It is unnecessary here to consider the defendants' suggestions of circumstances other than the expressly designated exceptions, which would justify sales below cost and negative the prima facie showing of unlawful intent. The defendants introduced evidence solely in an attempt to bring themselves within exception (d), which permitted them to make sales

below cost in an endeavor in good faith to meet the legal prices of their competitors."

In the instant case there was substantial evidence that the sales were made in good faith and not for the purpose of injuring competitors and the trial court so found.

In *Sandler* v. *Gordon* (1949), 94 Cal.App.2d 254, 258 [210 P.2d 314], the court, quoting from 11 California Jurisprudence 10-Year Supplement, page 136, said:

" 'The law prohibits, not all sales at less than cost, but only sales which are accompanied by the requisite intention or purpose—i.e., the purpose of injuring competitors or destroying competition. Unless the fact of intention is shown to have existed, the conclusion is that the sale did not constitute a violation of the statute.' "

In *People* v. *Gordon* (1951), 105 Cal.App.2d 711 [234 P.2d 287], defendant appealed in an action by the People to enjoin certain alleged violations of the Unfair Practices Act (Bus. & Prof. Code, § 17000 et seq.) to wit, the selling of articles or products at less than cost in the manner prohibited in section 17043 of that code and in the practice of using articles or products as "loss leaders," prohibited in section 17044. The court held that on the showing made there was no abuse of discretion shown in holding, for the purpose of granting a preliminary injunction, that the required intent to injure competitors or destroy competition was present and quoted the following language from *People* v. *Black's Food Store*, 16 Cal.2d 59, 61-62 [105 P.2d 361]:

" 'The authorities are numerous and uniform to the effect that the granting or denial of a preliminary injunction on a verified complaint, together with oral testimony or affidavits, even though the evidence with respect to the absolute right therefor may be conflicting, rests in the sound discretion of the trial court, and that the order may not be interfered with on appeal, except for an abuse of discretion. (Citations.)

" 'In the present case the applications for temporary injunctions were heard on the verified complaints which specifically allege that the merchandise was sold below cost "for the purpose of injuring competitors and destroying competition." Representatives of the defendants testified that they did sell, offer for sale and advertise the goods in question "at prices below their invoice or replacement cost," but that they did so merely "to increase the volume of our business," and that they had no intention of thereby "injuring competitors" nor did they "intend to destroy competition." The evidence

in this case therefore created a mere conflict on the material issue regarding the intention with which the goods were sold below cost. A sound discretion was therefore conferred upon the trial court to grant or deny the preliminary injunctions. It does not appear that discretion was abused.' ''

■ In the instant case, as in *People* v. *Black's Food Store,* *supra,* the evidence created a mere conflict on the material issue regarding the intention with which the goods were sold below cost and it does not appear that the trial court abused its discretion in denying injunctive relief.

■ It is argued that the findings of fact and conclusions of law are inconsistent in that the court in awarding nominal damages recognized that defendants' acts were unlawful and therefore erroneously concluded that they were not guilty of a violation of the Unfair Practices Act. However, the applicable finding of fact is that ''the plaintiffs have not been injured by any act and/or practice of the defendants.'' It was found that plaintiffs were damaged in the nominal sum of $1.00 but the judgment was ''that plaintiffs take nothing by reason of their amended complaint on file in the above entitled action.'' The findings of fact and the judgment are not inconsistent.

In view of what we have here said, it is unnecessary to pass upon the question raised as to whether the preliminary injunction was erroneously issued.

Judgment affirmed.

Griffin, Acting P. J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied November 20, 1952. Carter, J., was of the opinion that the petition should be granted.