E. I. DU PONT DE NEMOURS & COMPANY, INC. *vs.* KAUF-
MAN & CHERNICK, INC.

Suffolk.    October 9, 1957. — March 11, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, COUNIHAN,
& WHITTEMORE, JJ.

*Fair Trade Law.    Unfair Competition.    Sale,* What constitutes.    *Gift.
Words,* "Offering for sale," "Selling."

By a retailer's advertisement offering to each purchaser of an auto-
mobile tire, not a fair traded article, a can of a certain fair traded
anti-freeze "free" and stating the "Reg." prices of the tire and the anti-
freeze, that of the latter being its minimum fair trade price, and a
single reduced price for "Both," followed by sales and by sales slips
stating the price of the tire and stating "N. C." for the anti-freeze,
there were not gifts of the anti-freeze and an offering for sale and
sales of the tire only, but an offering for sale and sales of the tire and
the anti-freeze combined for a single price and, with respect to the
anti-freeze, at less than its minimum fair trade price within § 14B of
the fair trade law, G. L. c. 93, §§ 14A–14D.

BILL IN EQUITY, filed in the Superior Court on November
4, 1955.

The suit was reported by *Reardon,* C.J.

In this court the case was argued in October, 1957, before
*Wilkins,* C.J., *Williams, Counihan,* & *Whittemore,* JJ., and
afterwards was submitted to all the Justices except *Cutter,* J.

*Warren F. Farr,* (*Lane McGovern* with him,) for the
plaintiff.

*John W. McIntyre,* (*Edmund F. Henry* with him,) for the
defendant.

COUNIHAN, J.    This is a suit brought in the Superior
Court under the fair trade law, G. L. (Ter. Ed.) c. 93,
§§ 14A–14D, to enjoin the defendant from selling at retail
a trade marked product of the plaintiff at a price lower
than the minimum retail price stipulated in fair trade con-
tracts by the plaintiff.    The suit was presented to a judge
upon an "Agreed Statement of all the Material Facts," and
the judge at the request of the parties reported the suit to
this court, without decision.

From the statement of agreed facts it appears that the plaintiff is the manufacturer of anti-freeze products known as "Zerone" and "Zerex," which are sold in containers bearing their respective registered trade marks. These products are sold throughout this Commonwealth in fair and open competition with similar products of others. The plaintiff has established a valuable good will for its products and for the trade marks under which they are manufactured and sold. To protect its trade marks and good will, it entered into contracts under our fair trade law with many retailers in Massachusetts under which it has stipulated the minimum retail prices at which such products may be sold. The minimum retail price for "Zerex" was fixed at $3.25 a gallon.

The defendant is engaged in selling at retail, in its stores in Massachusetts, automotive products, including "Zerex." In September, 1955, the plaintiff notified the defendant of the existence of fair trade contracts with certain other retailers and of the minimum retail prices stipulated thereunder so that the defendant had full knowledge thereof. Despite this the defendant at various times and places in September and October, 1955, advertised in newspapers of wide circulation that upon the purchase of an automobile tire at a specified price the purchaser would receive a one gallon can of "Zerex" "free" or for "no charge." The following is a copy of an advertisement which the defendant caused to be published:

"FREE  ZEREX Non-Evaporating Anti-Freeze
DUPONT  1 Gallon Factory Sealed Can
Nationally advertised Anti-Freeze
with each
GOODYEAR 'Suburbanite' MUD & SNOW
NEW  TREADS

| | |
|---|---|
| 6.70 x 15 | Reg. $15.20 |
| 1 Gal. ZEREX | Reg.   3.25 |
| Total Value | $18.45 |
| Both For Only | $11.95 |
| 600 x 16 — $10.95 " | |

Pursuant to such advertisements the defendant during a two weeks period in September, 1955, and during a one week period in October, 1955, delivered and transferred a one gallon can of "Zerex" to each purchaser of a tire of the type advertised. The following is a copy of the sales slip given to such purchaser:

| "1 600 x 16 Suburbanite Tire | $10.95 |
|---|---|
| 1 Old Casing | 2.50 |
| | $13.45 |
| 1 Gal. Zerex | N. C." |

Another slip for a sale made by the defendant on October 27, 1955, reads in part:

| "1 Firestone Tire | $14.45 |
|---|---|
| 1 Can Zerex | N.C. |
| $2.50 Old Casing | |
| | $14.45 " |

In connection with its bookkeeping system certain of the defendant's sales were summarized in a daily price change report which indicated the usual prices at which its merchandise was sold together with any differences in actual sales prices. This report indicates that during the periods complained of the regular sales price of "Zerex" was $3.25 a gallon but that it was actually sold at the figure "0," a difference in price of $3.25. The letters "N. C." on the sales slips meant "No Charge."

None of the transactions complained of came within the specific exemptions allowed in §§ 14A and 14C of the fair trade law. The plaintiff has waived any claim for money damage and seeks only to have the defendant restrained from continuing to do business in the manner complained of, which it has threatened to do.

The pertinent part of the fair trade law is § 14B, as amended by St. 1939, c. 313, which reads: "Wilfully and knowingly advertising, offering for sale or selling any commodity at less than the price stipulated in any contract

entered into pursuant to the preceding section, whether the person so advertising, offering for sale or selling is or is not a party to such contract, is hereby declared to constitute unfair competition and to be actionable at the suit of any person damaged thereby. Any person advertising, offering for sale or selling any commodity as aforesaid shall, in addition, forfeit through civil process to the commonwealth the sum of fifty dollars."

The fair trade law was originally enacted as St. 1937, c. 398, and was entitled "An Act protecting trade mark owners, distributors and the public against injurious and uneconomic practices in the distribution of articles of standard quality under a trade mark, brand or name." Many States have enacted similar legislation.

Although several States have held similar laws unconstitutional, especially because of the nonsigner provisions, this court in *General Electric Co.* v. *Kimball Jewelers, Inc.* 333 Mass. 665, held this fair trade law valid.

The sole question before us is whether a retailer who advertises that customers buying a tire, a product which is not fair traded, at a price below its regular selling price, will also receive a can of Zerex, a fair traded product, for nothing, is "advertising, offering for sale or selling" Zerex at less than the fair trade price of Zerex in violation of the fair trade law.

The defendant argues that there was a gift of Zerex since there was no charge for it and that the only subject of the advertisement and sale was the tire. We do not believe that such an argument can be sustained. The advertisement itself which is an exhibit indicates the contrary.

The terms "offering for sale" and "selling" have a well defined meaning. "A sale of goods is an agreement whereby the seller transfers the property in goods to the buyer for a consideration called the price." G. L. (Ter. Ed.) c. 106, § 3 (2). (There is no substantial change in this definition in the Massachusetts Uniform Commercial Code, c. 106, § 2–106 [St. 1957, c. 765, § 1], effective October 1, 1958.) It has also been said that a sale is "the transfer of property

from one person to another for a consideration of value." *Arnold* v. *North American Chemical Co.* 232 Mass. 196, 199. The essence of a gift is a transaction without consideration. *Kehr* v. *Smith,* 20 Wall. 31, 34.

It is plain that in the case before us the delivery of Zerex to a customer in connection with and as a part of the sale of the tire was not, in fact or in law, a "gift." The money paid the defendant by the purchaser was paid not for the tire alone, but for both items. Legally and economically the transaction amounted to a combined sale of both the Zerex and the tire for a single price. *E. R. Squibb & Sons* v. *Charline's Cut Rate, Inc.* 9 N. J. Super. 328. See *Sunbeam Corp.* v. *Klein,* 32 Del. Ch. 65.

The subterfuge of indicating on the sales slip that there was no charge for Zerex by way of the entry in the defendant's daily price change report of a change in price of Zerex from $3.25 a gallon to zero is not realistic.

Since the purchaser received the "gift" only in connection with the purchase of another item, that premium is "directly, proportionately, inseparably and specifically related to the article purchased and its price." *Bristol-Myers Co.* v. *Picker,* 302 N. Y. 61, 68. See *Pennsylvania Whiskey Distributing Corp., petitioner,* 256 App. Div. (N. Y.) 781.

Let a decree be entered as prayed for in the second paragraph of the prayers of the plaintiff's bill.

*So ordered.*