Alan N. Charnes Executive Director Department of Revenue 1375 Sherman Street Denver, CO 80261
Dear Mr. Charnes:
This opinion letter is written in response to your request for an opinion concerning the authority of the Colorado lottery to regulate the promotional use of lottery tickets by licensees and nonlicensees.
QUESTIONS PRESENTED AND CONCLUSIONS
1. Does the Lottery Division have authority to regulate promotions which are not sales under C.R.S. 1973, 24-35-201et seq. (1982 repl. vol. 10)?
 The Lottery Division has authority to promulgate rules to regulate promotions which are not sales under C.R.S. 1973, 24-35-201 et seq. (1982 repl. vol. 10).
2. What constitutes the sale of lottery tickets pursuant to C.R.S. 1973, 24-35-214(1) (1982 repl. vol. 10)?
 A sale occurs when a buyer receives title to the lottery ticket for a price.
3. Does a nonwinner drawing or raffle constitute a violation of Colorado's raffle law or any other state law?
 A loser's drawing or raffle does not violate Colorado's laws prohibiting games of chance if the participants in the drawing or raffle are not required to provide consideration.
ANALYSIS
1. At one time, the practice of giving gifts as an inducement to purchase products was known as a gift enterprise and was prohibited by both the constitution and statutes. Colorado Constitution art. XVIII, § 2; G.L. 1877; Mills Ann. State 1891, ch. 79, § 292.7; C.L. 1921, § 3759-3766; CSA 1935, ch. 104, § 1-8; C.R.S. 1963, 40-16-1 through 4-76-17. The language referring to gift enterprises was dropped from the constitution in 1959 and from the statutes in 1971. In 1971 the statute prohibiting lotteries was incorporated into the statute prohibiting gambling. C.R.S. 1973, 18-10-102 provides in pertinent part:
 (2) Gambling means risking any money, credit, deposit or other thing of value for gain contingent in whole or in part upon lot, chance, the operation of a gambling device, or the happening or outcome of an event, including a sporting event, over which the person taking a risk has no control, but does not include:
 (b) Bona fide business transactions which are relied under the law of contracts.
Since gift enterprises are permissible under the law of contracts, they are not prohibited by Colorado law.
Such enterprises may, however, be regulated. The Colorado lottery statute grants to the director the authority to "take such action as may be necessary to protect the security and integrity of the lottery games. . . ." C.R.S. 1973, 24-35-204(3)(m). The statute also permits the director "to determine such matters as are necessary or desirable for the efficient and economical operation and administration of the lottery. . . ." C.R.S. 1973, 24-35-204(3)(o). If the director determines that rules governing promotions are necessary to advance the purposes of the lottery, he may recommend rules which he deems necessary and advisable. C.R.S. 1973, 24-35-204(3)(h). Additionally, the commission has the authority to pass rules and regulations which it deems necessary to insure the integrity and security of the lottery. C.R.S. 1973, 24-35-208(1)(a) and (c).
If the commission finds that the regulation of promotions is necessary to protect the security and integrity of the lottery or to ensure that the lottery is operated and administered in an efficient and economical manner, then under the authority of the above-cited statutes, it may promulgate such regulations.
At this time, the commission has promulgated regulations which require licensees to seek approval from the director for any promotions regarding the lottery. See Colorado lottery rule 5.2. The commission has not made any findings or conclusions regarding promotions by nonlicensees, and it has not passed any regulations governing the authorization or licensing of promotions by nonlicensees.
2. Many of the promotions attached to your request are promotions in which a lottery ticket is used as an inducement to purchase a product. For purposes of this opinion, promotions will be divided into two categories: 1) promotions that do not require the purchase of a product and 2) promotions that require the purchase of a product.
Generally, a promotion that offers a lottery ticket as a premium and that does not require that the customer must purchase a product does not constitute a sale of a lottery ticket and, as a gift, is permissible. C.R.S. 1973, 24-35-214(1)(b) (1982 repl. vol. 10).
Under Colorado law, it is illegal for a nonlicensee to sell lottery tickets and for a licensee to sell lottery tickets at a price different from that set by the commission. C.R.S. 1973,24-35-214 (1982 repl. vol. 10). A promotion that offers a lottery ticket as a premium and that makes the transfer of the ticket contingent upon the purchase of a product constitutes the sale of a lottery ticket and is impermissible. While there is no Colorado case law on point, cases from other jurisdictions lead to this conclusion. In DuPont De Nemours Co., Inc. v.Kaufman and Chernick, Inc., 148 N.E.2d 634 (Mass. 1958). The seller advertised that it would provide a free can of Zerex antifreeze, a DuPont product, with the purchase of automobile tires. DuPont sued to enjoin the promotion on the grounds that it violated the Massachusetts fair trade laws. In order to determine whether the promotion violated the fair trade law, the court had to determine whether the inclusion of the antifreeze constituted a sale of the antifreeze. The court concluded that the promotion was the sale of both the tires and the antifreeze. The court stated:
 It is plain that in the case before us the delivery of Zerex to a customer in connection with and as a part of the sale of the tire was not, in fact or in law, a "gift." The money paid the defendant by the purchaser was paid not for the tire alone, but for both items. Legally and economically the transaction amounted to a combined sale of both the Zerex and the tire for a single price.
Dupont De Nemours Co., Inc. v. Kaufman and Chernick,Inc., supra, at p. 637.
Florida courts have also found an item which is given upon the purchase of an item is a part of that sale. Sheppard v.Revlon, Inc., 267 So.2d 662 (Fla. 1972). In this case, Sheppard obtained wrinkle cream by purchasing a certain amount of cosmetics. Sheppard claimed that the wrinkle cream caused injuries to her eye. One of the issues in the case was whether the wrinkle cream was a part of the sale or a gift. The court concluded that Sheppard obtained the wrinkle cream by purchasing the cosmetics and that the wrinkle cream was a part of the sale.
I have been unable to find any cases holding that such transactions do not constitute sales of the objects being offered as the premium. Therefore, I must conclude that an arrangement whereby lottery tickets which are given to a person upon the purchase of an item constitutes the sale of a lottery ticket and is prohibited.
3. Finally, you have asked whether "nonwinner" raffles are prohibited by law. As you describe it, a "nonwinner" raffle is conducted by the consumer purchasing a lottery ticket from a licensee and removing the latex covering on the ticket to determine that it has no redemption value. The licensee then places the "nonwinning" ticket into a barrel from which he draws a ticket on a periodic basis. If the consumer's ticket is drawn, he wins a prize. In my opinion, "nonwinner" raffles are not prohibited by law.
Under Colorado law lotteries are raffles and not prohibited if the person entering the raffle is not required to give valuable consideration to enter. See Ginsberg v. Centennial TurfClub, 126 Colo. 471, 251 P.2d 926 (1952), citing Crossv. People, 18 Colo. 321, 32 P. 821 (1893). In the example about which you have asked, the consumer is not required to give consideration to enter the "nonwinner" raffle. The money paid for the ticket by the purchaser to the licensee is consideration for the opportunity to participate in the state operated lottery. As noted above, the sale is a transfer title of the ticket to the purchaser. The purchaser, by obtaining a ticket, has bought a chance to participate in the state operated lottery. If the purchaser has bought a losing ticket, the chance no longer exists but the losing ticket is the property of the purchaser. Therefore, the original purchase price of the lottery ticket does not constitute consideration for "nonwinner" lottery.
SUMMARY
If the buyer of a lottery ticket gives consideration in the form of money or otherwise for the lottery ticket, and receives title to the ticket, a sale of the lottery ticket has occurred. Under Colorado law, the commission has authority to regulate promotions by both licensees and nonlicensees which are not sales under C.R.S. 1973, 24-35-201 et seq. (1982 repl. vol. 10) by the promulgation of rules. Losers drawings or raffles which do not require the payment of valuable consideration do not violate the Colorado Constitution or statutes.
Very truly yours,
 DUANE WOODARD Attorney General
GAMBLING
C.R.S. 1973, 24-35-214(1) C.R.S. 1973, 24-35-201
C.R.S. 1973, 24-35-204
C.R.S. 1973, 12-9-101 et seq.
Colo. Const. art. XVIII, secs. 2 and 3
REVENUE, DEPT. OF
A sale occurs when a buyer gives consideration for a lottery ticket and receives title to the ticket. The Lottery Division has authority to regulate promotional use of tickets. A loser's drawing or raffle does not violate Colorado laws prohibiting games of chance if participants are not required to provide valuable considerations.