**MASTERCAR, INC., Plaintiff–Appellant,**

v.

**AMOCO OIL COMPANY, Bill Horn and Kermit Teske, Defendants–Appellees.**

No. 90CA2104.

Colorado Court of Appeals, Div. II.

Jan. 16, 1992.

Rehearing Denied Feb. 27, 1992.

Certiorari Denied Aug. 24, 1992.

Thomas E. McCarthy, Denver, for plaintiff-appellant.

Kirkland & Ellis, Frank Cicero, Jr., P.C., Scott R. Bauer, Denver, for defendants-appellees.

Opinion by Judge JONES.

Plaintiff, Mastercar, Inc., appeals the summary judgment entered against it in its action to enjoin defendants, Amoco Oil Company, Bill Horn, and Kermit Teske, from offering free car washes with the sale of a minimum of ten gallons of gasoline. We affirm.

■ Plaintiff contends that defendants' offer of a free car wash with the purchase of gasoline constitutes an illegal gift under the Colorado Unfair Practices Act, § 6–2–105, C.R.S., because defendants will receive no additional consideration for the wash. Defendants contend that the car wash is not a gift under § 6–2–105, but is, instead, a legal concession pursuant to § 6–2–113, C.R.S., wherein the sales price charged for the gasoline constitutes the consideration for both the car wash and the gasoline. We hold that defendants' offer of a free car wash in conjunction with a gasoline purchase is not a gift pursuant to § 6–2–105, C.R.S.

Section 6–2–105(1), C.R.S., of the Colorado Unfair Practices Act states:

It is unlawful for any person, partnership, firm, corporation, joint stock company, or other association engaged in business within this state to sell, offer for sale, or advertise for sale any article or product or service or output of a service trade for less than the cost thereof to such vendor, *or* give, offer to give, or advertise the intent to give away any article or product or service or output of a service trade for the purpose of injuring competitors and destroying competition. A vendor who violates this section is guilty of a misdemeanor and, upon conviction thereof, shall be subject to the penalties provided in section 6–2–116. (emphasis supplied)

Plaintiff argues that summary judgment was improvidently granted because, once it is established that a product is being given away under § 6–2–105(1), a question of fact arises as to whether the offer was made with the "purpose of injuring competitors and destroying competition." However, as defendants correctly argue, before any question of fact regarding intent need be

considered, it must first appear that the car wash was a gift pursuant to the statute.

There is no Colorado case law that construes this provision of the Unfair Practices Act, but the trial court adopted the rationale employed in an August 13, 1981, opinion by the Colorado Attorney General which relied on case law from other jurisdictions to determine whether an offer to give away a lottery ticket comprised a gift or a sale.

The Attorney General adopted the rationale enounced in *E.I. DuPont DeNemours & Co. v. Kaufman & Chernick*, 337 Mass. 216, 148 N.E.2d 634 (Mass.1958), wherein a retailer advertised that it would provide a free can of antifreeze with the purchase of automobile tires. There, for purposes of applying the state's fair trade law, the Massachusetts Supreme Court determined that the delivery of the antifreeze to a customer in connection with and as part of the sale of a tire was not a "gift." The court held that the money paid the defendant by the purchaser was paid not for the tire alone, but for both items, and that legally and economically, the transaction amounted to a combined sale of both the antifreeze and the tires for a single price. *See also Independent Journal Newspapers v. United Western Newspapers, Inc.*, 15 Cal.App.3d 583, 93 Cal.Rptr. 299 (Dist. Ct.App.1971); *Sheppard v. Revlon, Inc.*, 267 So.2d 662 (Fla.App.1972).

■ We conclude that the trial court properly adopted this rationale for the purpose of applying the Colorado Unfair Practices Act here. We, therefore, hold that when consideration is paid for one product that is sold in conjunction with another product described to be "free" or otherwise offered at no cost to the consumer, the transaction constitutes a combined sale, and thus, the product is not a gift pursuant to § 6–2–105, C.R.S.

Our conclusion is supported by the fact that the General Assembly has guarded against the possibility that a combined sale transaction may be made "for the purpose of injuring competitors and destroying competition." Under both § 6–2–105(1) and § 6–2–113, C.R.S., the General Assem-

bly declared it unlawful to sell products below cost. Besides the language quoted above from § 6–2–105(1), § 6–2–113 also provides as follows:

> [I]n all sales involving more than one item or commodity and in all sales involving the giving of any concession of any kind, whether it be coupons or otherwise, the vendors' or distributors' selling price shall not be below the cost of all articles, products, commodities, and concessions included in such transactions.

"Cost" is generally defined under § 6–2–105(2), C.R.S., of the Unfair Practices Act as the cost of raw materials and all overhead expenses as to the producer, and the invoice or replacement cost, whichever is lower, of the product to the distributor and vendor, along with the cost of doing business, as set forth in § 6–2–105(3), C.R.S., of the distributor and vendor. *See Pepcol Manufacturing Co. v. Denver Union Corp.*, 668 P.2d 971 (Colo.App.1983) (seller's cost means the expense to seller to provide a product to its users).

■ The effect of these provisions is that, in any transaction in which a product or article is offered in conjunction with the purchase of another product at no "cost," or at less than "cost," the consideration paid by the purchaser must be sufficient to cover the "costs," as defined under § 6–2–105(2), of both products or articles. By mandating that a combined sale transaction may only be offered at a price above cost, under § 6–2–105(1), the General Assembly prevents the evil it sought to avoid under that portion of § 6–2–105(1) that declares it unlawful to "give" a product to a consumer "for the purpose of injuring competitors and destroying competition." If a product must be sold at or above cost, injury to competitors is averted and the purposes of § 6–2–105(1) are satisfied.

Furthermore, the case of *Miller's Groceteria Co. v. Food Distributors Ass'n*, 107 Colo. 113, 109 P.2d 637 (1941), upon which plaintiff relies, is distinguishable because there the products given away were in the nature of "true gifts" because they were not given in conjunction with the purchase

of another product. Thus, the *Miller* holding is not applicable here.

We do not address whether plaintiff would have been entitled to the relief sought if it had presented evidence showing that defendants intended to sell the car wash and gasoline below cost. A remedy may have been available pursuant to either or both §§ 6–2–105(1) and 6–2–113; however, plaintiff's claim turned entirely on the premise that the transaction included the offer of a gift under § 6–2–105.

The judgment is affirmed.

TURSI and ROTHENBERG, JJ., concur.